20727. CENTRAL OF GEORGIA RAILWAY COMPANY v. UNIVERSAL INSURANCE COMPANY.

STEPHENS, J. 1. Where, on the trial of a suit for damage to an automobile which was run into by the defendant's railroad-train, the only issue presented by the pleadings was whether the defendant's engineer exercised due care to prevent the injury to the automobile after he had observed its presence on the track, an excerpt from the charge of the court that "it is the duty of the railroad company to exercise ordinary prudence and diligence to prevent injury to this property," was not subject to the objection that it would authorize a recovery upon any failure of the defendant's engineer to exercise ordinary prudence and diligence or upon negligence in failing to discover the presence of the automobile on the track, when the excerpt excepted to was modified by language in the charge immediately following it, that "if the engineer in charge of the engine, the defendant's engine, observed this automobile on the track, it was his duty to exercise ordinary care and prudence to prevent a collision with the automobile," and where the entire portion of the charge containing this excerpt read as follows: "It is the duty of the railroad company to exercise ordinary prudence and diligence to prevent injury to this property and if the engineer in charge of the engine, the defendant's engine, observed this automobile on the track, it was his duty to exercise ordinary care and prudence to prevent a collision with the automobile."

2. An instruction to the jury, that if the engineer of the defendant's train, after having observed the automobile and a crowd of people upon the track, erroneously mistook what he saw for a section crew, no duty rested upon the engineer to check the speed of the train or to otherwise exercise diligence before the true nature of the object on the track was revealed to him, would have been an instruction that a given state of facts does not constitute negligence. It was a question of fact for the jury whether the failure of the engineer to take precautionary measures after observing the automobile on the track and before becoming aware of its true nature was not negligence. The court did not err in refusing a request to charge that "if an engineer sees an automobile and group of people on the track, not at a public highway or where automobiles are reasonably to be expected to be, and honestly mistakes the object and the people for a section crew, failure to check the speed of the train or to take other precautionary measures will not render the railroad liable, provided the engineer, after discovering the real nature of the object, exercises ordinary and reasonable care to avoid injuring the automobile."

3. Where in the petition the plaintiff based its right to recover solely upon the alleged negligence of the defendant's engineer in failing to exercise due care and diligence to prevent injury to the plaintiff's automobile after the engineer had discovered it upon the track, and where the court submitted only this theory of the plaintiff's case to the jury's consideration, requests made by the defendant, to charge that the servants of a railroad company are not bound to keep a lookout for, or to anticipate, trespassers upon its tracks, and owe no duty to a trespasser

until his presence has become known, were not pertinent to the issues made by the pleadings and the evidence, and the court's refusal to comply with either of these requests was not error.

4. The evidence authorized the inference that the failure of the defendant's engineer to exercise due care and diligence after discovering the presence of the automobile upon the railroad-track was the proximate cause of the injury complained of. The evidence authorized also the inference that the entire damage to the automobile was caused from the impact of the defendant's locomotive, and that none of the damage was caused by the automobile's sudden veering from the highway and coming upon the defendant's railroad-track.

5. The verdict found for the plaintiff was authorized, and no error appears.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1931.

*Cleveland, Goodrich & Cleveland, J. M. Fletcher,* for plaintiff in error.

*Jones, Jones, Johnston & Russell, C. M. Cork,* contra.